FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 11, 2024

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ANDREW NORRIS ZACK,<br><br>Defendant. | No. 1:21-CR-02008-SAB-1<br>No. 1:21-CR-02028-SAB-1<br>No. 1:23-CR-02037-SAB-7<br><br>ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR FURLOUGH<br><br>**ECF No. 91/94/166** |

On Monday, March 11, 2024, the Court conducted a hearing on Defendant's Motion to Modify Conditions of Release (ECF No. 91/94/166). Defendant was represented by court-appointed attorney Rick Smith. Assistant United States Attorney Thomas Hanlon represented the United States.

Defendant has requested a temporary release from home incarceration in order to attend (1) a medical appointment and (2) a memorial for his deceased mother. Counsel for Defendant's proffer to the Court regarding the necessity of the medical furlough is sufficient for the Court to grant that request. However, the request to attend the memorial presents to Court with an issue.

ORDER - 1

The issue of pretrial release is governed by 18 U.S.C. § 3142. That section does not provide an express right to modification of conditions to attend memorial services. Thus, when a court in this District grants such a request, it does so at its own discretion and not in furtherance of any liberty interest of the Defendant. *C.f. Fort v. Reed*, 623 F. Supp. 1106, 1108 (E.D. Wash. 1985) (citations omitted) ("Because the Department of Corrections may exercise discretion in the grant or denial of furlough, there is no state created liberty interest in such status").

The history of the United States' interactions with the Yakama Nation is difficult and complex, and—unlike other fact patterns—may create an argument in equity. All proceedings in this matter will be held on the traditional lands of the Yakama Nation. Therefore, when a request such as the one presented here is granted by order, it is essentially an order in equity. As such, all matters in equity are properly considered.

Here, the victim's representative indicated that permitting Defendant to return to the vicinity of the Yakama Reservation would lead to further trauma for the victim's family, and urged the Court to deny any request to modify Defendant's home incarceration. The Court notes that Defendant was previously granted a furlough from custody to attend his mother's funeral prior to his charging in the 2023 matter and that he is currently requesting to attend a memorial that includes a stone-setting ceremony. Therefore, the substantial equitable interest in

ORDER - 2

attending the Yakama Nation's funeral rites and ceremony that exist with requests to attend funerals is not present here. Moreover, due to the nature of the 2023 charge—a charge to which Defendant has now plead guilty—the Court finds that it would be inequitable to grant Defendant's request to attend a memorial for his mother when his actions helped lead to the delay of funeral services for the victim for over nine months.

Accordingly, **IT IS ORDERED:**

1. Defendant's Motion for Furlough (**ECF No. 91/94/166**) is **GRANTED IN PART AND DENIED IN PART**.

2. **Defendant shall be permitted to attend his medical appointment as requested. He shall inform United States Probation/Pretrial Services once he has scheduled the appointment. Defendant shall proceed directly to and from his appointment, and any deviation shall result in the finding of a violation of pretrial release.**

3. If a party desires that another court review this Order pursuant to 18 U.S.C. § 3145, that party shall immediately notify the Magistrate Judge and opposing counsel. LCrR 46(k)(1). The party shall then promptly file a motion for review before the assigned District Judge. LCrR 46(k)(3). If the case has not yet been assigned to a District Judge, or the assigned District Judge is unavailable, the motion shall be noted for hearing before the Chief District Judge. *Id*.

ORDER - 3

4.  Defendant is bound over to Chief Judge Stanley A. Bastian for further proceedings.

**IT IS SO ORDERED.**

DATED March 11, 2024.



_____
ALEXANDER C. EKSTROM
UNITED STATES MAGISTRATE JUDGE

ORDER - 4